IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> FINJAN BLUE LLC and FINJAN HOLDINGS LLC, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. _____ <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE
<u>COMPLAINT UNDER SEAL</u>**

Plaintiff International Business Machines Corporation ("IBM"), by its undersigned attorneys, hereby seeks leave to file its Complaint and the exhibits thereto in this matter under seal.

In support of this motion, Plaintiff states as follows:

1. This is a civil action against defendants Finjan Blue LLC ("Finjan Blue") and Finjan Holdings LLC ("Finjan Holdings," and together with Finjan Blue, "Finjan") for breach of an August 24, 2017 Patent Assignment and Support Agreement (the "Agreement"). A true and correct copy of the Agreement is attached to the Complaint as Exhibit 1. The Agreement provides that its terms are to be kept confidential and may not be disclosed to third parties.

2. The Complaint contains confidential information of the parties, and pursuant to the Agreement, the parties are obligated to prevent the disclosure of such confidential information.

3. True and correct copies of correspondence between IBM and Finjan discussing the Agreement are attached to the Complaint as Exhibit 2. The correspondence

contains confidential information of the parties, and pursuant to the Agreement, the parties are obligated to prevent the disclosure of such confidential information.

4. A true and correct copy of a letter from IBM's outside counsel to Finjan discussing the agreement is attached to the Complaint as Exhibit 3. The correspondence contains confidential information of the parties, and pursuant to the agreement, the parties are obligated to prevent the disclosure of such confidential information.

5. A true and correct copy of correspondence between Finjan and IBM's outside counsel discussing the agreement is attached to the Complaint as Exhibit 4. The correspondence contains confidential information of the parties, and pursuant to the agreement, the parties are obligated to prevent the disclosure of such confidential information.

6. A true and correct copy of correspondence between Finjan and IBM discussing the agreement is attached to the Complaint as Exhibit 5. The correspondence contains confidential information of the parties, and pursuant to the agreement, the parties are obligated to prevent the disclosure of such confidential information.

8. If IBM disclosed confidential information protected by the Agreement, Finjan could claim that IBM breached the Agreement.

9. IBM therefore seeks leave to file its Complaint and exhibits thereto under seal.

10. Although the public has a "common law right of access to judicial proceedings and records," this right "is not absolute." *Littlejohn v. Bic Corp.,* 851 F.2d 673, 677-78 (3d Cir. 1988). Courts may use their "inherent supervisory power . . . [to] deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing." *Id.* at 678; *see also Leucadia, Inc. v. Applied Extrusion Techs.,*

*Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) ("Documents containing trade secrets or other confidential business information may be protected from disclosure."). The "presumption of access must be balanced against the factors militating against access," with the party seeking to redact bearing the burden of "show[ing] that the interest in secrecy outweighs the presumption." *In re Cendent Corp.*, 260 F.3d 183, 194 (3d Cir. 2001).

10. IBM will consult with counsel for Finjan concerning redactions to the Complaint and exhibits and will file a public version of the Complaint, with the confidential information redacted, within seven days of this motion being granted.

WHEREFORE, for the foregoing reasons, IBM respectfully requests leave to file its Complaint and exhibits thereto in this matter under seal. A form of Order is attached hereto.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
rsmith@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Plaintiff International Business Machines Corporation*

OF COUNSEL:

Peter Chaffetz
CHAFFETZ LINDSEY LLP
1700 Broadway, 33rd Floor
New York, NY  10019
(212) 257-6969

May 28, 2021