IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> FINJAN BLUE LLC and FINJAN HOLDINGS LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) C.A. No. _____ <br> ) <br> ) <br> ) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ <br> ) <br> ) <br> ) REDACTED - PUBLIC VERSION |

# COMPLAINT

Plaintiff International Business Machines Corporation ("IBM"), by its undersigned attorneys, for its Complaint against Defendants Finjan Blue LLC ("Finjan Blue") and Finjan Holdings LLC ("Finjan Holdings" and, together with Finjan Blue, "Finjan"), states as follows:

## JURISDICTION, VENUE AND GOVERNING LAW

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between Plaintiff and Defendants, which are, respectively, citizens of New York and Delaware, and the amount in controversy exceeds $75,000.00.

2. This Court has personal jurisdiction over Defendants Finjan Blue and Finjan Holdings because they are organized in the State of Delaware and because they expressly agreed to submit to the personal jurisdiction of this Court pursuant to Section 13.5 of the parties' Patent Assignment and Support Agreement No. ▇▇▇▇▇, Effective August 24, 2017 (the "Agreement," Exhibit 1), which is at issue in this case.

3. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391 because Finjan Blue and Finjan Holdings are organized in the State of Delaware. The parties also waived any objection to Delaware venue pursuant to Section 13.5 of their Agreement.

4. Section 13.5 of the Agreement provides that the Agreement 

**NATURE OF THE ACTION**

5. This is an action for breach of a contract for the assignment of patent rights. Pursuant to Section 1.1 of the Agreement, IBM granted Finjan Blue ▮▮▮▮▮ in exchange for payments of ▮▮▮▮. Pursuant to Section 2.1, payment was due in five yearly installments, starting at the August 24, 2017 Effective Date and on the four subsequent anniversaries of the Effective Date. Finjan paid the first three installments, totaling ▮▮▮▮ but refused to pay a ▮▮▮▮ installment that was due on August 24, 2020. Based on that breach, IBM now sues: (i) to recover the overdue August 24, 2020 ▮▮▮▮ installment payment, plus interest thereon; (ii) to recover the remaining ▮▮▮▮ installment payment that is not yet overdue under the contractual payment schedule but that became immediately due and owing by reason of Finjan's anticipatory repudiation of their obligations under the Agreement, plus interest thereon from August 24, 2020; (iii) for a declaration

that the Agreement is valid and enforceable; and (iv) to recover attorneys' fees and costs pursuant to Section 9.2 of the Agreement.

## THE PARTIES

6.  IBM is a global technology company organized under the laws of the State of New York, with its principal place of business in Armonk, New York.

7.  Finjan Blue is a limited liability company organized under the laws of the State of Delaware. Upon information and belief, Finjan Blue's principal place of business is in East Palo Alto, California. According to the records of the Delaware Secretary of State, Finjan Blue Inc. converted to Finjan Blue LLC on July 31, 2020.

8.  Finjan Holdings is a limited liability company organized under the laws of the State of Delaware and is the parent company and owner of Finjan Blue. Upon information and belief, Finjan Holdings' principal place of business is in East Palo Alto, California. According to the records of the Delaware Secretary of State, Finjan Holdings, Inc. converted to Finjan Holdings LLC on August 3, 2020.

## FACTS

A.  <u>IBM Assigned Patents to Finjan Blue under the Agreement</u>

9.  Effective August 24, 2017, IBM and Finjan Blue Inc. (now Finjan Blue LLC) entered into the Agreement for the transfer of specific patents owned by IBM to Finjan Blue. Pursuant to Section 1.1, IBM ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Section 14.2 of the Agreement defines the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

10. The Agreement provides for payment on the following terms:

2.1. ▇▇▇

(a) ▇▇▇

(b) ▇▇▇

(c) ▇▇▇;

(d) ▇▇▇;

(e) ▇▇▇.

(Agreement, Section 2.1).

11. Section 14.7 defines the "▇▇▇ That date was August 24, 2017.

B. **Finjan Holdings Guaranteed Finjan Blue's Obligations**

12. Pursuant to Section 2.5. of the Agreement, Finjan Holdings, Inc. (now Finjan Holdings LLC) ▇▇▇ This included Finjan Blue's payment obligations under Section 2.1.

C. **Finjan Failed to Pay the Fourth Installment**

13. Finjan paid the first three installments, totaling ▇▇▇ The fourth installment, in the amount of ▇▇▇ was due on August 24, 2020, the third anniversary of the Effective Date (Agreement, Section 2.1(d)). Finjan failed to pay this amount.

4

14. On September 3, 2020, IBM initiated a 60-day cure period, as required by Section 14.20 of the Agreement, by way of formal written notice (Exhibit 2). Finjan did not cure. Thereafter, on January 11, 2021, IBM's outside counsel sent a Demand Letter to Finjan requesting payment of the outstanding ▮▮▮▮▮ due on August 24, 2020 by close of business on January 18, 2021 (Exhibit 3). Finjan's ▮▮▮▮▮, replied to the Demand Letter on January 20, 2021 by email, stating that "[w]e are considering the matter and will respond in due course" (Exhibit 4). To date, the fourth installment remains unpaid.

D. Finjan Claims it is Excused from Paying by Reason of Frustration of Purpose

15. Shortly after the fourth, August 24, 2020 installment became due, Finjan asked IBM to amend the Agreement. It pursued this request by way of emails and telephone calls between Finjan Holdings' ▮▮▮▮▮, and IBM's Head of Patent Licensing for the U.S., Leann Pinto, between August 27, 2020 and October 19, 2020 (Exhibit 5). In these communications, Finjan's ▮▮▮▮▮ argued that a Federal Circuit decision issued subsequent to the Effective Date of Agreement – *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225 (Fed. Cir. 2019) – "changed significantly" the "legal landscape regarding standing in patent lawsuits," such that, in Finjan's view, it "substantially frustrated Finjan's principal purpose under the contract, and that frustration discharges [Finjan's] duty to pay[.]"

16. IBM does not accept Finjan's analysis of the ruling in *Lone Star* and has communicated to Finjan its conclusion that "frustration of purpose is not applicable to the current matter and is not a justification for withholding payment(s) due under the Agreement." Finjan replied indicating its disagreement with IBM's legal conclusions.

17. From January 2021 to May 2021, the parties continued to communicate concerning potential amendment of the Agreement as a way to resolve this dispute, but no agreement was reached.

## COUNT I

## BREACH OF CONTRACT

**Finjan Breached the Contract by Failing to Pay the ▮▮▮▮▮ Installment Payment Due August 24, 2020**

18. IBM repeats and incorporates by reference the allegations set forth in paragraphs 1 to 17 above as though fully set forth herein.

19. The Agreement creates binding and enforceable contractual obligations.

20. IBM fulfilled its obligations under the Agreement by, among other things, assigning patents to Finjan Blue.

21. Finjan Blue has breached the contract by failing to comply with its contractual obligation to pay IBM the ▮▮▮▮▮ due on August 24, 2020. Finjan Holdings has breached its obligation as guarantor by not honoring Finjan Blue's obligation to pay the ▮▮▮▮▮ due on August 24, 2020.

22. Finjan's failure to make the August 24, 2020 installment payment has damaged IBM in that amount and entitles IBM to recover ▮▮▮▮▮ plus prejudgment interest from the date of breach.

## COUNT II

## ANTICIPATORY REPUDIATION

### Finjan's Anticipatory Repudiation Accelerated its Obligation to Pay the Entire Contract Price

23. IBM repeats and incorporates by reference the allegations set forth in paragraphs 1 through 22 above as though fully set forth herein.

24. Over the course of the email and telephone communications referred to in Paragraph 15, *supra,* and as reflected in the emails in Exhibit 5, Finjan has clearly communicated that it did not intend to pay either of the last two outstanding installment payments unless IBM agreed to change the terms of the Agreement. It further communicated, in equally clear terms, that it considered its obligations under the Agreement to be excused on a theory of "frustration of purpose."

25. Singly and in combination, Finjan's (i) failure to make timely payment; (ii) subsequent assertion that it would not pay the contract balance unless IBM agreed to change the Agreement; (iii) invocation of the unmeritorious defense of frustration of purpose; (iv) failure to cure in response to IBM's contractual cure notice; and (v) continuing failure to cure in response to IBM's January 11, 2021 Demand Letter, amount to an unequivocal and unconditional statement that it will not perform its remaining obligations as they become due and thereby constitute an anticipatory repudiation of the Agreement under Delaware law.

26. That anticipatory repudiation accelerates Finjan's liability for the full unpaid contract balance of ███████.

## COUNT III

## DECLARATORY JUDGMENT

### The Agreement is Fully Valid and Enforceable According to its Terms

27. IBM repeats and incorporates by reference the allegations set forth in paragraphs 1 to 26 above as though fully set forth herein.

28. An actual and justiciable controversy exists between IBM and Finjan in relation to the enforceability of the Agreement. Finjan has claimed that an alleged change in case law subsequent to the Effective Date impairs its standing to sue to enforce the assigned patents and thereby frustrates its purpose in entering into the Agreement.

29. IBM asserts that the law affecting Finjan's standing to sue has not changed since the Effective Date of the Agreement, and that if, *arguendo,* subsequent case law did affect Finjan's standing to sue, this would not support a defense of frustration of purpose and therefore cannot excuse Finjan from performing its obligations, including, but not limited to, its obligations to pay IBM under the Agreement.

30. IBM therefore seeks a declaratory judgment, pursuant to 28 U.S.C. § 2201, that the Agreement is fully enforceable in accordance with its terms and that, therefore, Finjan Blue and Finjan Holdings' obligations under the Agreement are not excused.

## PRAYER FOR RELIEF

WHEREFORE, IBM respectfully requests that this Court enter judgment in favor of IBM and against Finjan Blue and Finjan Holdings as follows:

(1) Declaring that the Agreement is valid and enforceable and that Finjan Blue and Finjan Holdings are not excused from their obligations under the Agreement;

(2) Declaring that Finjan Blue and Finjan Holdings have anticipatorily breached the Agreement, thus accelerating their payment obligations;

(3) Awarding IBM damages of no less than ████, plus pre-judgment interest;

(4) Awarding IBM's costs and attorney's fees pursuant to Section 9.2 of the Agreement; and

(5) Granting IBM such other and further relief as the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
rsmith@morrisnichols.com
cclark@morrisnichols.com

OF COUNSEL:

Peter Chaffetz
CHAFFETZ LINDSEY LLP
1700 Broadway, 33rd Floor
New York, New York 10019
(212) 257-6960

May 28, 2021

*Attorneys for Plaintiff*